# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 11, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FRED L. BOGGS,**
**Claimant Below, Petitioner**

**vs.)  No. 15-0159** (BOR Appeal No. 2049626)
(Claim No. 2014012437 & 2014003426)

**BOGGS TRUCKING – CHAD BOGGS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Fred L. Boggs, by J. Robert Weaver, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Boggs Trucking – Chad Boggs, by Timothy Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 26, 2015, in which the Board affirmed a July 9, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 31, 2013, decision and October 15, 2013, decision both of which denied Mr. Boggs's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Boggs was working for Boggs Trucking – Chad Boggs when he allegedly injured his right shoulder on June 6, 2013, while climbing down from his truck and slipping on mud on the bottom step. Mr. Boggs reported the same circumstances happened again on July 12, 2013. Mr. Boggs filed an application for workers' compensation benefits for both right shoulder incidents. The claims administrator denied both of Mr. Boggs's applications in separate decisions, and both claims administrator's decisions stated that the evidence did not make an inference from which it

1

can fairly and reasonably be drawn that Mr. Boggs sustained an injury in the course of and resulting from his employment.

The Office of Judges affirmed the claims administrator's July 31, 2013, and October 15, 2013, decisions and found that Mr. Boggs did not sustain a right shoulder injury on June 6, 2013, or July 12, 2013. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Boggs disagrees and asserts that that he has satisfied his burden of proof by a preponderance of the evidence and demonstrated that he did not sustain just one injury but has sustained two injuries both of which were a direct result of his employment. Boggs Trucking maintains that Mr. Boggs has failed to establish that he sustained a work-related injury to his right shoulder on either June 6, 2013, or July 12, 2013. Boggs Trucking further maintains that the medical evidence establishes that Mr. Boggs has a long history of right shoulder problems dating back several years that shows he was receiving medical treatment for the right shoulder prior to either of these alleged work injuries.

The Office of Judges noted that Mr. Boggs has a prior history of right shoulder problems dating back to at least February of 2011. The records of Clay County Primary Care stated that Mr. Boggs reported having an accident several years earlier that resulted in torn ligaments and required surgery. The Office of Judges found that because of Mr. Boggs's ongoing treatment for his right shoulder issues that preceded these two claims, it is not clear he sustained a new injury on June 6, 2013, or July 12, 2013. He was in a motor vehicle accident a decade before these present claims and was continuing to receive treatment for his right shoulder from that accident when the alleged injuries occurred. Denzil W. Hawkinberry, M.D., requested an MRI of the right shoulder before either of these alleged injuries on May 14, 2013, and diagnosed Mr. Boggs with pain in the joint shoulder region, adhesive capsulitis of shoulder, rotator cuff syndrome, and allied disorders. The Office of Judges found that the June 6, 2013, report had the same shoulder diagnoses and was virtually the same physical examination as the May 14, 2013, report except the later report noted tenderness of the coracoid process. Mr. Boggs continued to work after the first alleged injury. The Office of Judges noted that Mr. Boggs has the burden to establish his claim. Based on the present record, the Office of Judges found that more likely than not Mr. Boggs did not sustain an injury to his right shoulder at work on either June 6, 2013, or July 12, 2013. The Board of Review agreed with the Office of Judges.

This Court agrees with the Board of Review. Mr. Boggs was seeking treatment at Clay County Primary Health Care Center for his chronic right shoulder pain as early as February 1, 2011, and continued to seek treatment for chronic shoulder pain until May 14, 2013, which is less than a month before the alleged work-related injury occurred on June 6, 2013. None of their records state that his chronic shoulder pain ever resolved. Mr. Boggs clearly had a pre-existing shoulder condition. Mr. Boggs has failed to meet his burden of proof that he did sustain a work-related injury on June 6, 2013, or on July 12, 2013.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 11, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum